UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE ALEXANDER CONDOMINIUM,

                Plaintiff,

                                            25-cv-1507 (PKC)

      -against-                                   ORDER

ADMIRAL INDEMNITY COMPANY,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        The Notice of Removal asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF 1 ¶¶ 7, 12.) Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998). A corporation is a citizen of both the state under whose law it is incorporated and also the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). In the case of a condominium, it will be deemed a citizen of all of the states in which its individual unit owners are citizens, unless the condominium has opted to incorporate. See Francesco v. Beacon

Court Condominium, 07-cv-2766 (LMM), 2009 WL 174184, at *1-2 (S.D.N.Y. Jan. 6, 2009); RL 900 Park, LLC v. Ender, 18-cv-12121 (MKV), 2021 WL 738705, at *7 (S.D.N.Y. Feb. 25, 2021).

In the Notice of Removal, plaintiff The Alexander Condominium ("Alexander") is identified as "a domestic condominium association, organized and existing under the laws of New York and a resident and citizen of New York." (ECF 1 ¶ 9.) Defendant Admiral Indemnity Company ("Admiral") is identified as "a Delaware corporation with its principal place of business in New Jersey." (Id. ¶ 10.) Because the Notice of Removal does not adequately allege that Alexander is incorporated or the citizenship of any of its unit owners, Admiral has failed to adequately allege diversity between the parties, and this Court's diversity jurisdiction has not been established.

Within 7 days of this Order, Admiral may serve upon Alexander an interrogatory limited to the citizenship of all of its unit owners and whether it has incorporated. Alexander shall have 14 days to respond to the interrogatory.

Within 30 days of this Order, Admiral shall file an amended Notice of Removal curing this deficiency or the action will be remanded to the state court from which it was removed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 25, 2025